Filed 2/26/14  P. v. North CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>CASEY MICHAEL NORTH,<br><br>    Defendant and Appellant. | G048595<br><br>(Super. Ct. No. 11WF1969)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Edward W. Hall, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Casey Michael North, in pro. per.; John L. Dodd, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.

\*          \*          \*

Defendant Casey Michael North pleaded guilty to one count of possession of a controlled substance in violation of Health and Safety Code section 11377, subdivision (a), and admitted he had served a prior prison term of one year or more and had not remained free for a period of five years of both prison custody and the commission of the charged offense (Pen. Code, § 667.5, subd. (b)).

After a long period of unsuccessful performance on probation, defendant was eventually sentenced to the middle term of two years, plus one year for the section 667.5, subdivision (b) prison prior, for a total term of three years to be served in county jail. Defendant was given credit for 195 days of actual custody and 195 days of conduct credit, for a total credit of 390 days. Defendant timely filed a notice of appeal, and we appointed counsel to represent him. Counsel did not argue against defendant, but advised the court he was unable to find an issue to argue on defendant's behalf. Defendant was given the opportunity to file written argument in his own behalf, and he has done so, submitting a two-page handwritten brief.

We have examined the entire record, and have considered the briefs submitted by counsel and defendant, but have not found an arguable issue. (*People v. Wende* (1979) 25 Cal.3d 436.) Accordingly, we affirm the judgment.

FACTS

Defendant acknowledged in his plea form that his guilty plea carried the potential penalty of four years — three years for the possession count and an additional year for the prison prior enhancement. Defendant also acknowledged that he waived the right to appeal "from any and all decisions and orders made in [his] case." Defendant specifically waived his "right to appeal from any legally authorized sentence the court impose[d] which is within the terms and limits of [the] plea agreement." Under the plea agreement the court suspended imposition of sentence and granted defendant formal,

2

supervised probation for a period of three years, subject to the condition, inter alia, that he enroll in a Penal Code section 1210 program (Proposition 36).

Defendant did not do well on probation or the drug program. Within the next year, he admitted three separate probation violations. On the first two violations, the court revoked probation and reinstated probation without conditioning probation on the service of jail time. Before defendant admitted the third violation, the court indicated a likely sentence in the range of three to four years if defendant admitted the violation, but the court stated it would suspend execution of sentence and continue probation if defendant completed 90 days at the Unidos residential treatment program with aftercare and also completed his probation with no further violations. Defendant admitted the violation. The court released defendant so he could enroll at Unidos, and continued the sentencing hearing to the next month.

At the sentencing hearing, the court imposed a sentence of 2 years in the Orange County jail, plus one year for the prison prior, but stayed execution of the sentence pending completion of a one year treatment program, with 90 days being residential, and completion of probation with no further violations.

Unfortunately, defendant did not complete the treatment program and did not complete probation without further violation. After a formal evidentiary hearing on the new probation violations, the court ordered the previously stayed sentence executed, sending defendant to the Orange County jail to serve his three year sentence.

Defendant's supplemental brief does not identify any legal error. He states, "I am simple [*sic*] asking the sentence to be modify [*sic*] to a blended sentence. . . . I don't want to be homeless anymore. I want help, I need help. Please I'm sure it can start with Mandatory Supervision the last 6 to 8 months of term."

We agree defendant needs help, and commend him for recognizing his need. But he was offered help on multiple occasions, and he failed to take advantage of the programs offered to him. In his initial plea, defendant waived all appellate rights,

3

including a challenge to any legally authorized sentence. A sentence of the middle term plus the one-year prison prior enhancement was legally authorized and, moreover, did not constitute an abuse of discretion.

We have reviewed the entire record, including the transcripts of two separate *Marsden*[1] hearings, and have not found an arguable appellate issue.

DISPOSITION

The judgment is affirmed.

IKOLA, J.

WE CONCUR:

O'LEARY, P. J.

RYLAARSDAM, J.

---

[1] See *People v. Marsden* (1970) 2 Cal.3d 118.

4